# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:13-CR-345 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| GREGORY SAVAGE, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on Defendant's motion to revoke the Magistrate Judge's October 16, 2024 detention order and to place the Defendant on bond. (ECF #2324.) The Government has responded in opposition. (ECF #2325.)

### BACKGROUND FACTS

In 2014, Defendant plead guilty to Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances and Distribution of Cocaine Base and was sentenced to 156 months in prison with 3 years of supervised release to follow. Defendant completed his prison sentence but has allegedly violated the terms of his supervised release with new law violations related to Drug Possession and Paraphernalia charges, as well as Operating a Motor Vehicle Without a Valid License and a lane violation against him in Willoughby Municipal Court. Defendant also allegedly failed to report law enforcement contact to his probation officer.

A summons was issued to Defendant (ECF #2310) and an initial appearance was held before a Magistrate Judge on the alleged supervised release violations. (*See* 10/2/2024 Minutes

1

Order.) The Court heard arguments related to Defendant's detention, took the matter under advisement and remanded Defendant to the temporary custody of the U.S. Marshal pending further order. *Id.* On October 16, 2024, the Magistrate Judge found, after considering the appropriate factors and proffered evidence, that "there is no condition or combination of conditions that will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community" and remanded him to the custody of the U.S. Marshal pending further proceedings. (ECF #2318.)

Defendant contends that because of his detention by the U.S. Marshal he missed his court hearing on the new law violations in Willoughby Municipal Court and his state court-appointed counsel was terminated. Due to the efforts of his federal defense counsel, Defendant again has state court-appointed counsel and a hearing has been scheduled in state court on February 12, 2025. Defendant contends that the Willoughby Municipal Court docket has no indication that he will be brought to that court and he is concerned his continued federal detention will result in him missing the rescheduled hearing and it will not be resolved, precluding resolution of this matter.

## LAW AND ARGUMENT

Defendant has moved to revoke his detention order under 18 U.S.C. § 3145(b) but cites 3142(i) in support of his motion. These provisions authorize different relief.

When a magistrate judge issues a detention order a defendant has the right to have the court with original jurisdiction review that order. 18 U.S.C. § 3145(b); *United States v. May,* 2020 U.S. Dist. LEXIS 83927, at *2 (N.D. OH May 13, 2020). However, that right is waived if the appeal is not taken within 14 days as dictated by Fed.R.Crim.P. 59(a). *United States v. Dawson,* No. 19-cr-206, 2020 U.S. Dist. LEXIS 103060, at *2 (N.D. Ohio June 12, 2020).

2

The Magistrate Judge issued the detention order on October 16, 2024. Defendant filed his Motion to Revoke Detention Order under 3142(i) and 3145(b) on December 24, 2024, well beyond the 14-day appeal period. Therefore, Defendant has waived his right to 3145(b) review.

Accordingly, the detention order can only be modified if the Court reopens the detention hearing. A court may reopen a detention hearing at any time before trial if:

> [T]he judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). While Defendant's motion can be construed to argue that missing state court dates because of detention is new information not known to the Defendant at the time of the hearing, it has no material bearing on whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. The Court will not reopen the detention hearing.

Section 3142(i) provides:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

A defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i). *United States v. Clark,* No. 19-40068-01-HLT, 2020 U.S. Dist. LEXIS 51390, at *4 (D. Kan. Mar. 25, 2020). "Section 3142(i) does not define 'compelling reason,' and the Sixth Circuit has yet to interpret this statutory language." *United States v. Kennedy,* 449 F. Supp. 3d 713, 718 (E.D. Mich. 2020). "Courts have typically granted relief under § 3142(i) only 'sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries.'" *United States v. Shelton,* No. 3:19-CR-14, 2020 U.S. Dist. LEXIS 62655, 2020 WL 1815941, at *3 (W.D. Ky. Apr. 9, 2020) (quoting *United States v. Hamilton*,

3

No. 19-CR-54-01, 2020 U.S. Dist. LEXIS 49095, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020)).

Defendant improperly invokes § 3142(i) to support his motion to revoke the detention order and place him on bond. The statute does not permit that action. The Sixth Circuit has made clear that under 3142(i) "the release must be 'temporary,' no longer than needed to complete the 'necessary' defense preparations or to resolve the other 'compelling' circumstances." *United States v. Scarborough*, 821 F. App'x 598, 600 (6th Cir. 2020) (citation omitted). Defendant does not seek temporary release from detention, but a complete release under bond. The Court is without authority to grant the requested relief.

Further, even if § 3142(i) permitted the requested relief, the Court finds that Defendant has not provided a compelling reason for it to do so. The Court is sympathetic to Defendant's concerns and recognizes the challenge of harmonizing his state and federal court cases, but the Court is persuaded by the Government's statement that these situations are not unique and that the Government has worked with defense counsel in similar situations to resolve conflicts between state and federal custody. The Court is confident that Defendant can resolve his concerns with the assistance of counsel, both state and federal, prior to February 12, 2025 state court hearing.

Defendant's motion is **DENIED.**

**IT IS SO ORDERED.**

                                             s/Christopher A. Boyko
                                             **CHRISTOPHER A. BOYKO**
                                             **United States District Judge**

**Dated: January 2, 2025**